UNITED STATES of America

v.

Pennel AMIS, Appellant.

No. 90–5133.

United States Court of Appeals,
Third Circuit.

Submitted under Third Circuit Rule 12(6)
Feb. 21, 1991.

Decided March 4, 1991.

Andrew C. Fried, Eileen M. Egan, Lorber, Schneider, Nuzzi, Vichness & Bilinkas, Fairfield, N.J., for appellant.

Edna B. Axelrod, Chief, Appeals Div., R. David Walk, Jr., Asst. U.S. Atty., Michael Chertoff, U.S. Atty., Newark, N.J., for appellee.

Before GREENBERG and COWEN, Circuit Judges, and BUCKWALTER, District Judge.[*]

OPINION OF THE COURT

GREENBERG, Circuit Judge.

This case involves the interplay between the career offender provisions of the sentencing guidelines, guidelines § 4B1.1, and the sentence enhancement provisions of 21 U.S.C. § 841(a)(1). In particular the question is whether the guideline should be applied to the "Offense Statutory Maximum" as enhanced by prior convictions of the defendant.

Appellant Pennel Amis was indicted in six counts: distribution of approximately 100 grams of methamphetamine, count one; distribution of approximately 140 grams of methamphetamine, count two; possession with intent to distribute approximately 57.8 grams of heroin, count three; possession with intent to distribute approximately 168.4 grams of cocaine, count four; possession with intent to distribute approximately 74.5 grams of methamphetamine, count five; and possession with intent to distribute approximately 730 grams of marijuana, count six. In each count Amis was alleged to have violated 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Amis, while represented by a private attorney, entered into a written plea agreement with the government providing for him to plead guilty to counts one and two of the indictment charging distribution of methamphetamine.[1] The agree-

---

[*] Honorable Ronald L. Buckwalter, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

1. His attorney in the district court is not his attorney on this appeal.

ment recited the possible ordinary sentences for the counts but also pointed out that "[u]nder the enhanced penalty provisions of [21 U.S.C. § 841(a)(1)], the minimum term of imprisonment on each count is ten (10) years [and] the maximum term of imprisonment is life...." The agreement provided that the United States Attorney would move to dismiss the remaining counts of the indictment and would not prosecute Amis for certain other controlled substances offenses. The agreement also indicated that the sentence would be under the guidelines.

On November 3, 1989, Amis, still represented by the attorney who negotiated the plea agreement, pleaded guilty to counts one and two. At that time the government made it clear that on the basis of Amis's record it would seek imposition of the enhanced penalty provision of 21 U.S.C. § 841 and, indeed, it filed an information seeking such a penalty on that day before the hearing. The district court explained to Amis that under the enhanced penalty provisions the minimum custodial term was ten years on each count and the maximum term was life. Amis said that he understood the enhanced penalty provisions and ultimately the court accepted his guilty plea to counts one and two.

The presentence report showed that, among numerous offenses, Amis had prior state and federal controlled substance convictions so that, as Amis admits, the enhancement provisions of 21 U.S.C. § 841(b)(1) were applicable at sentencing. Accordingly, Amis was subject to a statutory maximum term of life imprisonment on each count. The presentence report also concluded that Amis was a career offender under guidelines § 4B1.2 and the factual basis for this is not disputed either. The report concluded that inasmuch as Amis was subject to life imprisonment under guidelines § 4B1.1 his offense level was 37 and, as he was a career offender, his criminal history category was VI. The report indicated, however, that inasmuch as Amis was entitled to a 2-level reduction for acceptance of responsibility his total offense level was 35. This led to a guideline imprisonment range on each count of 292 to 365 months.

■ At the sentencing on February 9, 1990, Amis objected to the presentence report because he viewed application of the career criminal guideline to the enhanced penalty provision as double punishment for his prior convictions. The district court, however, rejected this contention. While it indicated "that there is no case authority out there one way or the other to guide us," it concluded "that the focus should be upon what is the resulting maximum under the combined statutes, that is the statute of the substantive crime and the statute of the criminal offender and enhancement aspect of the statute...." The court then sentenced Amis to concurrent sentences of 360 months on the two counts as reflected in a judgment of conviction and sentence entered February 9, 1990, and this appeal followed.[2]

We will affirm. In *United States v. Williams,* 892 F.2d 296 (3d Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 3221, 110 L.Ed.2d 668 (1990), we were concerned with an appeal by a convicted felon from a conviction for possession of a gun in violation of 18 U.S.C. § 922(g)(1) whose sentence was enhanced under 18 U.S.C. § 924(e)(1) by reason of his prior convictions of three violent felonies on separate occasions. He was also treated as a career offender over his objection that by reason of the statutory sentence enhancement he was being effectively punished for the same offense twice in violation of the double jeopardy clause of the Fifth Amendment. 892 F.2d at 304. We rejected his contention as there was "only a single substantive punishment for a violent offense committed by a recidivist." *Id.* at 305.

While the prosecution in *Williams* was not for the offense involved here we see no basis to distinguish that case. At bottom the issue before us is not complicated as we need merely determine the "Offense Statutory Maximum" as used in guidelines § 4B1.1. Whatever the "Offense Statutory

2. The district court dismissed the remaining counts of the indictment.

Maximum" might be for a defendant with no applicable criminal history, for Amis it was life.

The government points to application note 2 to guidelines § 4B1.1 as supporting its position. The note provides:

'Offense Statutory Maximum' refers to the maximum term of imprisonment authorized for the offense of conviction that is a crime of violence or controlled substance offense. If more than one count of conviction is of a crime of violence or controlled substance offense, use the maximum authorized term of imprisonment for the count that authorizes the greatest maximum term of imprisonment.

This application note was added by an amendment to the guidelines effective after the offenses in this case but we will consider it as it was intended to clarify the guidelines. *See United States v. Ofchinick,* 877 F.2d 251, 257 n. 9 (3d Cir.1989). The note does indeed support the government's position as the maximum term of imprisonment authorized for the conviction in this case was life. In any event with or without the note our conclusion would be the same. In this regard, we point out that in *Williams* we did not rely on the note. 892 F.2d at 304 n. 13.

Our result is supported by *United States v. Sanchez–Lopez,* 879 F.2d 541, 558–560 (9th Cir.1989), in which the court of appeals dealt with the same problem we face. The appellant there was convicted of various counts under 21 U.S.C. § 841(a)(1) and because of two prior state drug offense convictions was subject to a statutory sentence of a mandatory minimum of ten years to life. Under the career offender provisions he had an offense level of 37 and his criminal history category was VI. Thus, the sentencing guidelines range was 30 years to life and he was given 30 years. The appellant contended:

that because his two prior convictions enhanced the permissible punishment under section 841(b)(1)(B) from a range of 5 years to 40 years to a range of 10 years to life, and because the maximum punishment of life results in a higher offense level under the Sentencing Guidelines, impermissible double enhancement occurs.

879 F.2d at 558.

The court of appeals rejected his argument. It pointed out that the sentencing guideline range of 30 years to life was within the statutory range of ten years to life and that the "method of Sentencing Commission used to calculate the sentence under the career offender provision is of no consequence in the instant matter where the sentence is sanctioned by Congress by statute." *Id.* at 559. Furthermore, the court indicated that:

Congress made it very clear that the Sentencing Commission should ensure that individuals who were convicted of a controlled substance offense, who were over eighteen years of age, and who had two or more prior felonies for controlled substance offenses, should receive a sentence of imprisonment under the guidelines that is at or near the maximum term authorized by statute. 29 U.S.C. § 994(h); *accord* Commentary to Sentencing Guidelines § 4B1.1. The career offender provision, section 4B1.1, implements Congress' mandate.

879 F.2d at 559.

Thus, it determined that "if the district court had not applied the career offender provision, Congress' intent for repeated drug offenders to have near the maximum sentence would have been thwarted." *Id.*

■ Amis has raised a second contention, that he received ineffective assistance of counsel in the district court. He most inappropriately included without leave of court a certification dated November 8, 1990, in his appendix in support of this contention. On motion of the government we entered an order striking this certification as well as certain other items that were not filed in the district court. *See United States v. Donsky,* 825 F.2d 746, 749 (3d Cir.1987); Fed.R.App.P. 10(a). In the circumstances we will not entertain the argument on this appeal but our refusal to do so is without prejudice to the contention being raised in a proceeding under 28 U.S.C. § 2255. *See United States v. Gam-*

*bino,* 788 F.2d 938, 950 (3d Cir.), *cert. denied,* 479 U.S. 825, 107 S.Ct. 98, 93 L.Ed.2d 49 (1986).

The judgment of conviction and sentence of February 9, 1990, will be affirmed.