995 F.2d 1064
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Doris JACKSON, Defendant-Appellant.
 No. 92-5487.
 United States Court of Appeals,
Fourth Circuit.
 S
ubmitted: June 7, 1993.
Decided: June 18, 1993.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Richard C. Erwin, Senior District Judge. (CR-92-38-G)
 Walter T. Johnson, Jr., Greensboro, North Carolina, for Appellant.
 Robert H. Edmunds, Jr., United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 M.D.N.C.
 AFFIRMED.
 Before HALL, WILKINSON, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Doris Jackson was convicted by a jury of possession of heroin with intent to distribute, 21 U.S.C.A. § 841 (West 1981 & Supp. 1992). She appeals her conviction and sentence, contending that the evidence was insufficient to support a conviction, and that her career offender sentence violated due process. We affirm.
 
 
 2
 Jackson was a passenger on a Greyhound bus which was boarded by two drug interdiction agents just after it arrived in Greensboro, North Carolina. As High Point Police Officer Brewer moved down the aisle, Jackson got up and went into the restroom at the back of the bus carrying a black nylon bag. She emerged about a minute later with a paper towel over her face. She told Brewer, who was stationed outside the restroom door, that she had been sick. The towel that Jackson had showed no signs of discoloration.
 
 
 3
 Brewer immediately entered the restroom and saw a white paper bag floating in the chemical toilet. Brewer saw no evidence of human waste or that anyone had been sick. He tried to remove the bag, but it was becoming waterlogged and tore when he tried to pull it out. Brewer called for his partner, Drug Enforcement Administration (DEA) Agent Kowalski, to bring a coat hanger. Brewer then used the coat hanger to retrieve the bag, which had sunk out of sight at the bottom of the toilet. The bag contained three plastic bags; within each were two smaller plastic bags which contained a total of 530 glassine envelopes of heroin.
 
 
 4
 Jackson was arrested and transported to the DEA office. The drugs were taken there separately. While the heroin was in the DEA office later that day, a narcotics detective placed it in a desk drawer to give his drug police dog practice in finding drugs. Before going to the drawer, the dog alerted to Jackson's nylon bag, which was at Agent Kowalski's desk.
 
 
 5
 At trial, Jackson tried to establish that the plastic bags could not have sunk quickly because of air trapped in them. However, some of the plastic bags had tears, and there were several puncture holes in the plastic material. Jackson also suggested that another passenger could have placed the package in the toilet before the bus arrived in Greensboro. She argues on appeal that the government's evidence was insufficient to show that she had either actual or constructive possession of the heroin.
 
 
 6
 A jury verdict must be sustained if there is substantial evidence to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). The question is whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could find the defendant guilty. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). Circumstantial as well as direct evidence is considered, and the government is given the benefit of all reasonable inferences from the facts proven to those sought to be established. Id. Circumstantial evidence need not exclude every reasonable hypothesis consistent with innocence. United States v. Jackson, 863 F.2d 1168, 1173 (4th Cir. 1989). In this case, substantial evidence supports the jury's finding that Jackson possessed the heroin and tried to dispose of it in the toilet when she saw the agents board the bus. We therefore affirm her conviction.
 
 
 7
 Jackson also contends that her career offender sentence violates due process. Under guideline section 4B1.1,* the offense level of a defendant with two prior drug convictions is determined by the maximum term of imprisonment authorized for the current offense. Jackson argues that this sentencing scheme results in double-counting, double jeopardy, violation of the Eighth Amendment, and mechanical sentencing which overemphasizes the severity of her offense. These contentions have been consistently rejected by other circuits because the career offender guideline does not impose any additional punishment, but simply provides a narrow sentencing range within the range authorized by statute, as intended by Congress. See 28 U.S.C.A. § 994(h) (West Supp. 1992); United States v. Moralez, 964 F.2d 677 (7th Cir.), cert. denied, 61 U.S.L.W. 3264 (U.S. 1992); United States v. Garrett, 959 F.2d 1005 (D.C. Cir. 1992); United States v. Amis, 926 F.2d 328 (3d Cir. 1991); United States v. Sanchez-Lopez, 879 F.2d 541 (9th Cir. 1989).
 
 
 8
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov. 1991)