48 F.3d 1217
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Emmett Alvin MONSON, a/k/a Timothy Lee Barr, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Emmett Alvin MONSON, a/k/a Timothy Lee Barr, Defendant-Appellant.
 Nos. 93-5833, 94-7280.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 21, 1995.
Decided March 7, 1995.
 
 Stewart L. Cloer, Hickory, NC, for Appellant; Emmett Alvin Monson, Appellant Pro Se.
 Walter C. Holton, Jr., United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, NC, for Appellee.
 Before MURNAGHAN and MOTZ, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Emmett Alvin Monson was convicted by a jury of conspiracy to possess cocaine and heroin with intent to distribute, 21 U.S.C.A. Sec. 846 (West Supp.1994), and possession of cocaine and heroin with intent to distribute, 21 U.S.C.A. Sec. 841 (West 1981 & Supp.1994), 18 U.S.C. Sec. 2 (1988). He was sentenced as a career offender to a term of 360 months imprisonment. United States Sentencing Commission, Guidelines Manual, Sec. 4B1.1 (Nov.1992). In No. 93-5833, Monson appeals his conviction and sentence, alleging error in the denial of his motion to suppress and in the calculation of his offense level. In No. 94-7280, he appeals the district court's dismissal of a Fed.R.Civ.P. 60(b) motion filed ten months after he was sentenced in which he again contested the denial of his suppression motion. We affirm in both cases.
 
 
 2
 Between October 1992 and January 1993, authorities in Winston-Salem, North Carolina, received information from a confidential informant that Emmett Monson was distributing drugs from several apartments in the area. The informant, who had provided reliable information many times before, stated that Monson regularly came to an apartment on Patterson Avenue to store drugs in a safe in the bedroom. After conducting intermittent surveillance at 760 Patterson Avenue during November and December 1992, and January 1993, Forsyth County ABC Board Agent D. R. Burton verified that Monson came regularly to apartment 760-C,[1] stayed a few minutes, and left. He observed that Monson drove various rental cars. Monson also sometimes drove a green car which was registered to Terry Gray.
 
 
 3
 A search warrant for apartment 760-C on Patterson Avenue was executed on February 2, 1993. Monson was arrested with drug paraphernalia as well as a key to a safe in the apartment. The safe contained cocaine and heroin packaged for sale. Co-defendant Julia Anderson arrived during the search. She lived at the apartment and later admitted that her job was to hold packaged drugs for Monson.
 
 
 4
 An apartment at 2640 Pendleton Drive was searched next and more heroin was seized. Co-defendant Terry Gray, who lived there with Monson, consented to the search and began cooperating with authorities. She said she had been cutting and bagging drugs for Monson since October 1992. The packaged drugs were delivered by her or Monson to apartment 760-B[2] (upstairs) and later to apartment 760-C (downstairs) on Patterson Avenue. Gray had traveled with Monson to New York three or four times to obtain cocaine and heroin.
 
 
 5
 Gray accompanied the agents to a third residence on Essex Road, where co-defendants Destry Mosley and Lisa Stewart had just removed a safe containing 13.98 grams of heroin, a scale, and plastic bags from the house to Mosley's car. Mosley subsequently cooperated with authorities, informing them that he had rented cars for Monson to use, and that Monson told him he had made four trips to New York, and brought back four ounces of heroin and six ounces of cocaine on each trip. Finally, Monson's apartment on Sunset Drive was searched under a warrant; cocaine, heroin and a loaded shotgun were seized.
 
 
 6
 Monson attempted to suppress the evidence seized from the Patterson Avenue apartment and from the Sunset Drive apartment on the ground that the warrants were issued without probable cause.[3] At the suppression hearing, Monson's attorney argued that the affidavit supporting the warrant application for apartment 760-C on Patterson Avenue contained false information; specifically, that the informant had witnessed Monson obtain drugs for distribution at apartment 760-C beginning in October 1992, and that in November 1992 Agent Burton had seen Monson go directly from his car into apartment 760-C.
 
 
 7
 Agent Burton admitted that distribution from apartment 760-C began in November 1992. He said he had falsely included the month of October in his affidavit to protect the informant. Burton also conceded that, during the November 1992 surveillance, he had not seen Monson go directly from his car to apartment 760-C as the affidavit stated; rather, he had seen Monson first go upstairs to apartment 760-B and then go downstairs to apartment 760-C. Julia Anderson testified at the hearing that she and her roommate had moved from the upstairs apartment to the downstairs apartment in November or December 1992.
 
 
 8
 The district court found that the agent's failure to state that Monson first went to the upstairs apartment during the November surveillance was not a material misstatement because the agents observed Monson entering apartment 760-C as stated by the informant. After excising the assertion that drugs had been distributed from the apartment during October 1992, the court found that the warrant was supported by probable cause and denied the motion to suppress.
 
 
 9
 Mosley, Anderson, and Gray testified against Monson at trial. After Agent Burton's testimony, defense counsel cross-examined him about the information in the search warrant affidavit concerning license numbers for two rental cars, a gray Pontiac and a blue Chevrolet, which Monson and Gray were seen driving during the surveillance of apartment 760-C on Patterson Avenue. The license numbers in the affidavit did not match the records of the car rental agency where Mosley had rented cars for Monson. Agent Burton was unable to explain the discrepancy, but said he was not mistaken about the license numbers he had observed.
 
 
 10
 After he was convicted and sentenced, Monson filed a pro se Fed.R.Civ.P. 60(b) motion to set aside the judgment, alleging that the district court had denied his motion to suppress on incomplete evidence. He claimed that the rental agreements introduced at trial showed that the license numbers for the rental cars described in the warrant affidavit were false, and argued that this proved there had been no surveillance and no informant. He requested a new hearing pursuant to Franks v. Delaware, 438 U.S. 154, 156 (1978). The district court dismissed the motion because Monson's appeal was pending and Monson had raised the denial of the suppression motion in his direct appeal.
 
 
 11
 On appeal, Monson contends that, because the agent failed to state in the search warrant affidavit that Monson went first to the upstairs apartment and then to apartment 760-C, the district court should have excised the entire statement that Monson entered apartment 760-C and, without that information, could not have found probable cause to search the apartment. A search warrant must be voided and the fruits of the search suppressed if a defendant shows that false information was knowingly or recklessly included in the warrant affidavit and the false information was essential to the finding of probable cause. Franks v. Delaware, 438 U.S. at 156. However, the district court correctly found that the omission was not material to a finding of probable cause because the agents personally witnessed Monson entering apartment 760-C. See United States v. Muldoon, 931 F.2d 282, 286 (4th Cir.1991) (omission of immaterial information not fatal to showing of probable cause).
 
 
 12
 In his supplemental pro se brief, Monson argues that the rental car license numbers which Agent Burton listed in the affidavit were false. Because he did not seek to invalidate the search warrant on the basis of incorrect license numbers, Monson now requests a remand for an evidentiary hearing to determine whether the evidence seized from apartment 760-C should have been suppressed on this basis. However, while the government introduced evidence at trial that Mosley had in fact rented cars during period he testified he was renting cars for Monson, any confusion over the license numbers was immaterial to the court's prior determination of probable cause to search apartment 760-C. The probable cause determination did not depend on information that Monson was driving any particular rental car or any particular vehicle. Therefore, no remand is necessary.
 
 
 13
 Monson's Rule 60(b) motion was properly dismissed even though the district court may entertain, during the pendency of a direct appeal, a collateral challenge to the conviction if extraordinary circumstances warrant it. In United States v. Taylor, 648 F.2d 565, 570-75 (9th Cir.), cert. denied, 454 U.S. 866 (1981), the appeals court, hearing consolidated appeals from a conviction and from the denial of a coram nobis motion alleging prosecutorial misconduct, affirmed the conviction but remanded for a hearing on the claim raised in the coram nobis motion. In Taylor, the appellant's claim, if true, would have undermined the basis for his conviction.
 
 
 14
 Monson's Rule 60(b) motion could be construed as a coram nobis motion. See United States v. Santora, 711 F.2d 41, 42 (5th Cir.1983) (review of merits of federal prisoner's claim not limited by its label). However, in Monson's case, no extraordinary circumstances are present which would warrant a coram nobis hearing in the district court. Coram nobis is available only to correct errors of the most fundamental kind when there is no other remedy. United States v. Mandel, 862 F.2d 1067, 1075 (4th Cir.1988), cert. denied, 491 U.S. 906 (1989). Monson availed himself of another remedy by asserting his claim concerning the incorrect license numbers on direct appeal. Moreover, as previously discussed, the license numbers were not important in the determination of probable cause. Therefore, the district court did not err in dismissing the motion.
 
 
 15
 Monson was sentenced as a career offender because he had prior convictions for robbery and for possession of cocaine and marijuana with intent to distribute. These convictions increased the statutory maximum, to life in prison. 21 U.S.C.A. Sec. 841(b)(1)(B). Monson maintains that the calculation of his career offender offense level resulted in impermissible double counting in that his prior convictions were used to raise the statutory maximum to life imprisonment, which in turn increased the guideline offense level. Because the guideline merely implements a Congressional decision to sentence career offenders near the statutory maximum sentence, we find that the sentence was properly calculated. See United States v. Moralez, 964 F.2d 677, 682-83 (7th Cir.), cert. denied, 61 U.S.L.W. 3264 (1992); United States v. Sanchez-Lopez, 879 F.2d 541, 558 (9th Cir.1989); United States v. Amis, 926 F.2d 328, 330 (3d Cir.1991).
 
 
 16
 Monson also contends that the district court erred in considering drug amounts outside the offense of conviction to determine the statutory minimum and maximum penalties. Whether a mandatory minimum sentence applies is determined only by conduct attributable to the offense of conviction. United States v. Estrada, 42 F.3d 228 (4th Cir.1994) (citing United States v. Darmand, 3 F.3d 1578, 1581 (2d Cir.1993)). Monson argues that Mosley's testimony about Monson's four trips to New York to buy four ounces of heroin and six ounces of cocaine each time concerns conduct outside the offense of conviction which should not have been considered in determine the statutory maximum.
 
 
 17
 However, Monson's trips to New York were part of the conspiracy charged in Count One, even though they were not specifically mentioned in the indictment. Moreover, Count One charged Monson with conspiring to possess with intent to distribute more than 100 grams of heroin. Thus, with the enhancement for prior drug convictions, the statutory maximum of life imprisonment unquestionably applied based on the offense of conviction. No error occurred in the calculation of the offense level.
 
 
 18
 Accordingly, we grant Monson's motion to consolidate No. 93-5833 with No. 94-7280, and grant his request for permission to file a supplemental pro se brief. We affirm Monson's conviction and sentence. We affirm the district court's order dismissing Monson's Rule 60(b) motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Also referred to as apartment 26-C
 
 
 [2]
 Also referred to as apartment 23-B
 
 
 [3]
 On appeal, Monson does not contest the denial of his motion to suppress evidence seized from Sunset Drive