19 F.3d 21
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Daniel J. LEICHTNAM, Petitioner/Appellant,
v.
UNITED STATES of America, Respondent/Appellee.
 No. 93-2065.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 7, 1993.*
Decided March 8, 1994.
 
 Before POSNER, Chief Judge, and BAUER and COFFEY, Circuit Judges.
 
 ORDER
 
 1
 Daniel Leichtnam appeals the district court's denial of his motion under 28 U.S.C. Sec. 2255 to vacate, set aside or correct his sentence. We affirm.
 
 
 2
 Leichtnam was convicted by a jury of conspiracy to distribute and possess with intent to distribute cocaine, 21 U.S.C. Sec. 846, and a firearms offense, 18 U.S.C. Sec. 924(c)(1). On direct appeal we affirmed the conspiracy conviction but vacated the original sentence and remanded the case for resentencing. The firearms conviction under Sec. 924(c) was reversed. United States v. Leichtnam, 948 F.2d 370 (7th Cir.1991). On remand, the district court concluded that Leichtnam was responsible for 2 to 3.4 kilograms of cocaine, which resulted in a base offense level of 28. The parties agreed that in exchange for a two level enhancement under Sec. 2D1.1(b)(1) of the Sentencing Guidelines for possession of a firearm Leichtnam would not be retried under Sec. 924(c)(1). On appeal, Leichtnam challenges the amount of drugs used to calculate his base offense level, U.S.S.G. Sec. 2D1.1(a), and the enhancement of his sentence for possession of a firearm under U.S.S.G. Sec. 2D1.1(b)(1).
 
 
 3
 Leichtnam's claims were not raised on direct appeal. While constitutional claims not raised on direct appeal may be reviewed if the petitioner shows cause for and prejudice from his failure to appeal, review of non-constitutional claims is barred regardless of cause and prejudice. Bontkowski v. United States, 850 F.2d 306, 312-13 (7th Cir.1988). Leichtnam's first claim regarding the drug calculation is not a constitutional challenge and we have held that absent extraordinary circumstances, claims under the Guidelines are not subject to attack in a Sec. 2255 motion. Scott v. United States, 997 F.2d 340, 341-42 (7th Cir.1993). "Extraordinary circumstances" include a district court's refusal to implement a provision of the Guidelines designed for the defendant's benefit, coupled with "cause" for not taking a direct appeal. Id. at 343. Leichtnam does not allege, nor do we find, that such circumstances exist in this case.
 
 
 4
 Leichtnam's second claim concerns the enhancement under Sec. 2D1.1 for possession of a firearm. He argues that he was denied the effective assistance of counsel because his attorney agreed to the enhancement in exchange for the government's promise not to retry Leichtnam on the firearms violation. According to Leichtnam, the government was precluded from retrying him by the Speedy Trial Act. It is unclear if Leichtnam is raising his claim of ineffective assistance as cause for his procedural default, or as a Sixth Amendment constitutional violation resting on the enhancement as grounds for prejudice. If we rely on the former, Leichtnam's claim must fail under Scott as discussed above. Even if we analyze Leichtnam's claim as a constitutional challenge, he cannot show that counsel's performance undermined the fairness or reliability of the proceeding.
 
 
 5
 To establish an ineffective assistance of counsel claim, Leichtnam must show that his counsel's performance was deficient and that this deficiency prejudiced him. Strickland v. Washington, 466 U.S. 668, 687 (1984); United States v. Levine, 5 F.3d 1100, 1108 (7th Cir.1993). A petitioner can satisfy the performance prong of Strickland by identifying specific acts or omissions that fell outside the wide range of professionally competent assistance. Lilly v. Gilmore, 988 F.2d 783, 785 (7th Cir.), cert. denied, 114 S.Ct. 154 (1993). However, Leitchnam bears a heavy burden in overcoming the presumption that counsel rendered reasonably effective assistance. See, e.g., Strickland, 466 U.S. at 689; United States v. Moralez, 964 F.2d 677, 683 (7th Cir.), cert. denied, 113 S.Ct. 293 (1992). The prejudice prong focuses on whether counsel's deficient performance deprived the defendant of a fair or reliable proceeding. Lockhart v. Fretwell, 113 S.Ct. 838, 842 (1993) (citing Strickland, 466 U.S. at 687).
 
 
 6
 Leichtnam contends that counsel's performance prejudiced him because the government could not retry him on the firearms charge. We need not discuss this issue because the Guideline was applied appropriately. Therefore, Leichtnam was not prejudiced. Section 2D1.1 of the Sentencing Guidelines provides the calculations for a defendant's base offense level for conspiracy. Subsection (b)(1) provides that if a dangerous weapon was possessed by the defendant, the base offense level should be increased by two levels. The record reveals that officers found a .22 caliber rifle in the closet where cocaine and materials used to cut and prepare cocaine were found. "The enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons. The adjustment should be applied if the weapon was present unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. Sec. 2D1.1, Application Note 3. We agree with the district court's finding that the enhancement was "appropriate under the facts of this case." Thus Leichtnam cannot satisfy the prejudice prong of the Strickland test and his claim must fail. See United States v. Delgado, 936 F.2d 303, 311 (7th Cir.1991) (an appellant's claim must fail if he cannot meet either the performance or prejudice prong of the Strickland test).
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record