45 F.3d 432
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Jose MORALES, Petitioner/Appellant,
v.
UNITED STATES of America, Respondent/Appellee.
 No. 93-2186.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 14, 1994.*
Decided Dec. 28, 1994.
 
 Before BAUER, RIPPLE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 The district court denied Jose Morales' motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. Sec. 2255, finding that Morales had procedurally defaulted on three of the four issues raised in his motion. As to the fourth issue, that he was denied the effective assistance of counsel, the district court ruled that Morales' counsel was not ineffective for failing to raise the first three issues on appeal because they were meritless. We affirm.
 
 
 2
 Morales pled guilty to conspiracy to import and deal in firearms in violation of 18 U.S.C. Sec. 371 and possession of a firearm by a felon in violation of 18 U.S.C. Sec. 922(g)(1). He was sentenced to 41 months of imprisonment, three years of supervised release, and fined $2,000. Morales did not directly appeal his conviction and sentence. Morales now argues that he defaulted on the three issues he raises in his motion due to the ineffective assistance of his counsel. Specifically, he charges that his counsel did not raise the issues he now presents on direct appeal.
 
 
 3
 A Sec. 2255 motion may not be used to raise constitutional arguments that could have been raised on direct appeal. See, e.g., United States v. Frady, 456 U.S. 152, 168 (1982); Degaglia v. United States, 7 F.3d 609 (7th Cir.1993). However, constitutional errors may be raised collaterally if the petitioner can demonstrate cause for and prejudice from his procedural default. Frady, 456 U.S. at 166-68. As cause for the default, Morales asserts that his counsel provided ineffective assistance by failing to bring these claims on appeal. Ineffective assistance of counsel can establish cause for Morales' default. Castellanos v. United States, 26 F.3d 717, 718 (7th Cir.1994) ("Counsel's constitutionally ineffective performance may establish 'cause' for" forfeiting claims by failing to appeal them directly).
 
 
 4
 To prevail on an ineffective assistance of counsel claim, Morales must show that his counsel's performance was deficient and that this deficiency prejudiced him. Strickland v. Washington, 466 U.S. 668, 687 (1984); United States v. Levine, 5 F.3d 1100, 1108 (7th Cir.1993), cert. denied, 114 S.Ct. 1224 (1994). Morales' claim must fail if he cannot meet either the performance or prejudice prong of the Strickland test. United States v. Delgado, 936 F.2d 303, 311 (7th Cir.1991), cert. denied, 112 S.Ct. 972 (1992). A reviewing court need not address these two prongs in any particular order or even address both if the defendant makes an inadequate showing as to one. United States ex rel. Cross v. DeRobertis, 811 F.2d 1008, 1013-14 (7th Cir.1987) (citing Strickland, 466 U.S. at 697). A movant can satisfy the performance prong of Strickland by identifying specific acts or omissions that fell outside the wide range of professionally competent assistance. Lilly v. Gilmore, 988 F.2d 783, 785 (7th Cir.), cert. denied, 114 S.Ct. 154 (1993). Morales bears a heavy burden in overcoming the presumption that counsel rendered reasonably effective assistance. See, e.g., Strickland, 466 U.S. at 689; United States v. Moralez, 964 F.2d 677, 683 (7th Cir.), cert. denied, 113 S.Ct. 293 (1992). The prejudice prong of the inquiry focuses on whether counsel's deficient performance deprived Morales of a fair proceeding. Lockhart v. Fretwell, 113 S.Ct. 838, 844 (1993) (citing Strickland, 466 U.S. at 687). We need not discuss whether counsel's performance was deficient because it is clear that this alleged deficiency did not deprive Morales of a fair proceeding.
 
 
 5
 First, Morales argues that the imposition of a $2,000 fine for the costs of his incarceration and/or supervision violated his due process rights and the Sentencing Reform Act. Specifically, Morales reasons that the court could not impose costs after it waived a punitive fine. We agree with the district court that this claim cannot succeed. As the court noted, it did not waive the fine. Rather, it considered Morales' ability to pay when imposing a fine. The fine was well below the guideline range of $5,000 to $50,000 based precisely on Morales' ability to pay. The district court took into account Morales' financial situation and imposed a fine commensurate with it. We see no error in this determination.
 
 
 6
 Morales next argues that he misunderstood the plea agreement: he believed that the government would recommend and he would be sentenced at the low end of the applicable guideline range, or no more than 33 months. The plea agreement did not include a provision under which the government was to recommend a sentence at the low end of the guideline range. However, it did state that he could not withdraw the guilty plea if he was dissatisfied with his sentence. As the district court noted, there is no evidence that Morales did not knowingly and voluntarily enter into the plea agreement.
 
 
 7
 Morales also argued that the court did not advise him that the court could depart upward in sentencing him. We note that Morales acknowledged at the plea hearing that he could be sentenced to a maximum of five years on one count and ten years on the other count when he pleaded guilty. Tr. at 8-9; Rec. at 20 (written plea agreement). Further, at the guilty plea hearing the court advised Morales that if he was not happy with the sentence he would not have the right to withdraw the guilty plea. Tr. at 9. At that time, Morales acknowledged that he talked with his attorney about how the Sentencing Guidelines would apply to his case. The court pointed out to the defendant that after the Presentence Report had been drafted, it "has the authority in some circumstances to impose a sentence that is more severe or less severe than the sentence called for by the guideline." Morales indicated he understood this. Tr. at 13. Finally, the court informed Morales of his right to appeal any sentence that might be imposed. Tr. at 13.
 
 
 8
 At the sentencing hearing, Morales told the court that he "counseled with his lawyer" about the Presentence Report in his case. Morales makes no allegation that his attorney failed to point out the information that could result in an upward departure. The Pre-Sentence Report contained grounds for an upward departure, thereby putting Morales on even more specific notice of the possibility of an upward departure. The court indicated that pursuant to U.S.S.G. Sec. 5K2.14 an upward adjustment was indicated because the offense endangered public safety. Again, the court informed Morales of his right to appeal. Sent. Tr. at 29-30. Given his knowledge of the potential maximum sentence, and the notice he had been afforded of the possibility of an upward departure, we cannot conclude that Morales was unaware of what his sentence might be. See Burns v. United States, 111 S.Ct. 2182, 2185 (1991) (presentence report will ordinarily notify the defendant that an upward departure will be at issue). Moreover, Morales does not allege that he requested that his lawyer file a notice of appeal. We cannot say that Morales' counsel was deficient in failing to appeal these issues or that Morales was prejudiced by counsel's performance.
 
 
 9
 Morales has not shown that the proceedings were unfair and therefore cannot establish prejudice from his counsel's performance for failing to raise the claims on direct appeal. Morales also contends that the district court erred in denying his Sec. 2255 motion without first holding an evidentiary hearing. A Sec. 2255 motion may be dismissed in a summary fashion if the record conclusively demonstrates that the petitioner is not entitled to relief. Barker v. United States, 7 F.3d 629 n. 3 (7th Cir.1993); Aleman v. United States, 878 F.2d 1009, 1012 (7th Cir.1989); Rule 8, Rules Governing Section 2255 Proceedings (district court shall "determine whether an evidentiary hearing is required"). The record indicates that no evidentiary hearing was needed to determine that Morales is not entitled to any relief.
 
 
 10
 Therefore, we AFFIRM the district court's judgment denying the motion.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record