62 F.3d 1419
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Charles H. SYKES, Petitioner/Appellant,
v.
Odie WASHINGTON and James E. Ryan,**
Respondents/Appellees.
 No. 94-1989.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 6, 1995.*
Decided July 13, 1995.
 
 Before Flaum, Ripple, and Kanne, Circuit Judges.
 
 ORDER
 
 1
 Charles Sykes appeals the district court's denial of his petition for a writ of habeas corpus. See 28 U.S.C. Sec. 2254. Sykes was convicted of murder in Illinois and sentenced to 28 years of imprisonment. Sykes contends that he was denied the effective assistance of trial counsel, claiming that counsel failed to adequately present his insanity defense. He also challenges his sentence as violating the Eighth Amendment. We affirm.
 
 
 2
 In 1985, Sykes shot and killed the mother of his child. At trial he presented an insanity defense, offering the testimony of Dr. Dusan Gojkovich as an expert. Dr. Gojkovich testified that Sykes was insane at the time of the murder. The state offered lay witnesses to rebut the defense.[1] Sykes was convicted of murder at a bench trial.
 
 
 3
 Sykes claims that he was denied the effective assistance of counsel because his attorney did not have Sykes examined by a neurologist.[2] Sykes suffered a head injury when he was young, and the defense expert suggested that prior to trial Sykes be given a neurological examination. Defense counsel had informed the court when counsel sought a continuance that a private neurologist would examine Sykes. Sykes was never examined and no testimony was presented regarding any potential neurological problem.
 
 
 4
 To prevail on his claim, Sykes must show that his counsel's performance was deficient and that this deficiency prejudiced him. Strickland v. Washington, 466 U.S. 668, 687 (1984); United States v. Levine, 5 F.3d 1100, 1108 (7th Cir. 1993), cert. denied, 114 S. Ct. 1224 (1994). A petitioner can satisfy the performance prong of Strickland by identifying specific omissions or acts that fell outside the wide range of professionally competent assistance. Lilly v. Gilmore, 988 F.2d 783, 785 (7th Cir.), cert. denied, 114 S. Ct. 154 (1993). However, Sykes bears a heavy burden in overcoming the presumption that counsel rendered reasonably effective assistance. See, e.g., Strickland, 466 U.S. at 689; United States v. Morales, 964 F.2d 677, 683 (7th Cir.), cert. denied, 113 S. Ct. 293 (1992). The prejudice prong focuses on whether counsel's deficient performance deprived the defendant of a fair trial. Lockhart v. Fretwell, 113 S. Ct. 838 (1993) (citing Strickland, 466 U.S. at 687).
 
 
 5
 Sykes does not protest counsel's decision to present an insanity defense, and in fact complains only of its failure to win him an acquittal. After reviewing the record, we conclude that Sykes was not denied the effective assistance of counsel. Based on the trial court's position that a psychiatrist's opinion would be given more value than a psychologist's, the decision to rely on the defense's one psychiatrist to rebut the state's psychologist or lay witnesses is not outside the range of competent representation. Counsel could have deemed additional expert witnesses cumulative or unnecessary given the value to be given the testimony of Dr. Gojkovich. Counsel also could have concluded that the testimony of a psychiatrist who believed Sykes was insane at the time of the murder was the best defense. We cannot say that it was below the level of competency to rely on the psychiatrist's testimony and forego the neurological examination.
 
 
 6
 Additionally, there is no suggestion that presenting additional experts on his mental state would have changed the outcome of the trial. The court considered the testimony of a psychiatrist, who it had already stated it would credit favorably, and the testimony of witnesses who had known or observed Sykes. We cannot say that he was denied a fair proceeding by counsel's decision to rely on psychiatric data to establish the insanity defense. See, e.g., People v. Hoots, 592 N.E.2d 483 (Ill. App. Ct. 1992) (to prevail on insanity defense, defendant must suffer from a mental disease which deprived him of the substantial capacity to appreciate the criminality of his conduct or conform his conduct to the requirements of law).
 
 
 7
 Sykes next claims his sentence of 28 years is excessive and violates the Eighth Amendment.[3] The Eighth Amendment forbids only extreme sentences that are "grossly disproportionate" to the crime. Harmelin v. Michigan, 501 U.S. 957 (1991) (Kennedy, J., concurring) (citing Solem v. Helm, 463 U.S. 277, 288 (1983)); see also United States v. Coonce, 961 F.2d 1268, 1281 (7th Cir. 1992). We look three factors to determine whether a sentence is excessive: (1) the gravity of the offense compared to the severity of the penalty; (2) penalties imposed within the same jurisdiction for similar crimes; and (3) penalties imposed in other jurisdictions for the same offense. See Solem v. Helm, 463 U.S. 277, 291-92 (1983). Here, the offense was first degree murder. At sentencing, the trial court stated that it considered the aggravating and mitigating factors in the case. The court noted Sykes' lack of a prior criminal history and that the personal circumstances surrounding the situation were not likely to be repeated. However, the court also discussed that Sykes carried a concealed weapon to the crime scene, suggesting premeditation, and that violent crimes should be deterred. The state had recommended a thirty year sentence, although the statute permitted a forty year term. Other jurisdictions have comparable statutory terms of imprisonment and some even have more severe terms, up to life imprisonment. Twenty-eight years is not grossly disproportionate to the crime of murder and we will not disturb the sentencing court's determination.
 
 
 8
 AFFIRMED.
 
 
 
 **
 James E. Ryan is substituted for his predecessor in the office of Attorney General for the State of Illinois, Roland Burris. Fed. R. App. R. 43(c)
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Cir. R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 Sykes had been examined by a psychologist for the State, but the State did not present any expert testimony at trial
 
 
 [2]
 The State's submission that this claim is not cognizable is puzzling because Sykes raised a Sixth Amendment challenge to his representation at trial. While the issue of whether counsel's decision not to call additional experts may be based on state law or a state court's rulings, whether such a decision resulted in ineffective assistance is properly before this court
 
 
 [3]
 The State argues that this issue was not presented to the state court and thus is not properly before us. However, the State admits that it did not raise this presentment issue to the district court. Therefore, the State has waived this argument