**Paul HUGHEY, Plaintiff–Appellant,**

**v.**

**CVS CAREMARK CORPORATION, Defendant–Appellee.**

**No. 15–5114.**

United States Court of Appeals, Sixth Circuit.

Oct. 16, 2015.

---

BEFORE: ROGERS and DONALD, Circuit Judges; ROSE, District Judge.[1]

BERNICE BOUIE DONALD, Circuit Judge.

Paul Hughey ("Hughey") appeals the grant of summary judgment to CVS Care-mark Corporation ("CVS") in his employment discrimination claim pursuant to the Age Discrimination in Employment Act ("ADEA"). The United States District Court for the Middle District of Tennessee found that Hughey failed to make a *prima facie* showing of age discrimination and that, even if Hughey established a *prima facie* case, he failed to show that CVS's reason for terminating him was a pretext for age discrimination.

For the reasons set forth below, we **AFFIRM** the judgment of the district court.

## I.

CVS hired Hughey as a Pharmacist in Charge on August 12, 1998, about one month before his 40th birthday. As a Pharmacist in Charge, Hughey was responsible for all aspects of pharmacy operations within his store. *Id.* Until the events that led to this litigation occurred, CVS had never reprimanded Hughey for any rule violation. In fact, he received an "Exceeds Expectations" grade on his annual performance reviews from 2009 until 2011. *Id.* He was also named Pharmacist of the Year in his district in 2005 and 2007.

CVS maintained a Pharmacy Operations Manual that provided the policies with which it expected its pharmacists to comply. Three of the policies are relevant in this case. *Id.* First, CVS's pharmacists were not to accept payment from a customer who received anything less than the full quantity of his or her prescription. *Id.* Second, CVS prohibited its pharmacies from exchanging medicine with non-CVS pharmacies. *Id.* If a CVS pharmacist was unable to fill a customer's prescription due

1. The Honorable Thomas M. Rose, United States District Judge for the Southern District of Ohio, sitting by designation.

to lack of inventory, the Pharmacy Operations Manual instructed a pharmacist to transfer the prescription to a competitor. *Id.* Third, CVS pharmacists must take several steps upon the discovery of a dispensing error, including, but not limited to, completing an incident report. *Id.*

Hughey violated all three of these policies. In December 2011, Hughey partially filled a prescription for a customer, who was a TennCare beneficiary. In violation of the Pharmacy Operations Manual, Hughey billed TennCare as if he had completely filled the prescription. *Id.* On another occasion, Hughey traded Nexium B-12 with a competitor. *Id.* Lastly, Hughey neglected to complete incident reports for two dispensing errors. *Id.*

CVS's Regional Loss Prevention Manager, Todd Crowell, and Pharmacy Supervisor, Gene Allen, met with Hughey about his infractions. At the meeting, they provided Hughey with a set of questions and asked him to submit written responses. In his responses, Hughey admitted to improperly charging TennCare for the partially filled prescription and improperly trading medication with a competitor. Although the presence of his initials on the prescriptions proved that he was responsible for the two dispensing errors, he denied having any recollection of them. However, he did say that he should have submitted an incident report in both instances. *Id.*

On August 9, 2012, Hughey reported to CVS's district office, where he met with two CVS representatives. During this meeting, the representatives informed him that CVS was terminating his employment for his violations of CVS policies.

Hughey filed a complaint in the United States District Court for the Middle District of Tennessee on September 20, 2013, asserting an ADEA claim. On November 7, 2014, CVS filed a motion for summary judgment, arguing that Hughey could not establish a *prima facie* ADEA case, and even if he could, Hughey could not demonstrate that CVS's reason for terminating his employment was a pretext for age discrimination. The district court agreed and granted CVS summary judgment. This timely appeal followed.

## II.

On appeal, we review de novo the district court's grant of summary judgment. *Borman, LLC v. 18718 Borman, LLC,* 777 F.3d 816, 821 (6th Cir.2015). Construing all reasonable inferences in favor of the non-moving party, we will affirm the grant of summary judgment if there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* (quoting Fed.R.Civ.P. 56(a)). "[A] mere 'scintilla' of evidence in support of the non-moving party's position is insufficient to defeat summary judgment; rather, the nonmoving party must present evidence upon which a reasonable jury could find in her favor." *Tingle v. Arbors at Hilliard,* 692 F.3d 523, 529 (6th Cir.2012) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

## III.

### A.

The ADEA makes it unlawful for an employer "to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a). An employee can establish a claim under the ADEA by offering either direct or circumstantial evidence of age discrimination. *Wexler v. White's Fine Furniture, Inc.,* 317 F.3d 564, 570 (6th Cir.2003). Direct evidence of

discrimination is "evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." *Id.* Circumstantial evidence is proof that does not on its face establish discriminatory animus, but does allow a factfinder to .draw a reasonable inference that discrimination occurred. *Id.* This case does not involve any direct evidence of age discrimination; therefore, in order to prove his claims Hughey seeks to rely on circumstantial evidence. (Appellant Br. at 16.)

In order to establish a *prima facie* ADEA case using circumstantial evidence, a plaintiff must show that: (1) he is a member of the protected class—i.e. he is at least forty years of age; (2) he was subjected to an adverse employment action; (3) he was qualified for the position; and (4) he was treated differently from similarly situated employees outside the protected class. *Mitchell v. Vanderbilt Univ.,* 389 F.3d 177, 181 (6th Cir.2004).

A plaintiff has the initial burden of presenting evidence sufficient to establish a *prima facie* case of age discrimination. *Ercegovich v. Goodyear Tire & Rubber Co.,* 154 F.3d 344, 350 (6th Cir.1998). Once a plaintiff establishes a *prima facie* case, the burden of production shifts to the employer, who must articulate a legitimate nondiscriminatory reason for the adverse employment action. *Id.* If the employer meets this burden, the burden of production shifts back to the plaintiff. *Id.* The plaintiff then must show that the employer's nondiscriminatory explanation is a mere pretext for intentional age discrimination. *Id.* The district court granted summary judgment because there was no evidence showing that Hughey was treated differently than any similarly situated CVS employee and because Hughey had not shown that CVS's reason for discharging him was a pretext.

### B.

On appeal, Hughey argues that he has demonstrated that he was treated differently than a similarly situated CVS employee not within his protected class. Specifically, he points to another CVS pharmacist, Joseph Gariboldi ("Gariboldi"), who he alleges was not terminated after he committed the following acts: "chronic tardiness, leaving the pharmacy counter unattended, being report[ed] for sexual harassment against his coworkers multiple times, decreasing the performance metrics of his store, and potentially coming to work impaired." (Appellant Br. at 19.)

▮ As an initial matter, Hughey neglected to provide a citation pointing to evidence supporting these allegations in his Appellant Brief and his Reply Brief to CVS's motion for Summary Judgment. This omission violates Fed. R.App. P. 28 and Fed.R.Civ.P. 56, respectively. "[W]here the movant brings forward and supports his motion for summary judgment, his opponent may not rest merely upon his pleadings but rather must come forward to show genuine issues of fact. Mere conclusory and unsupported allegations, rooted in speculation, do not meet that burden." *Bryant v. Com. of Ky.,* 490 F.2d 1273, 1275 (6th Cir.1974).

▮ However, even if Hughey's allegations were supported, they still would do nothing to advance his claim. To satisfy the similarly-situated requirement, a plaintiff must demonstrate that the comparable employee is similar "in all of the relevant aspects." *Martin v. Toledo Cardiology Consultants, Inc.,* 548 F.3d 405, 412 (6th Cir.2008); *Ercegovich,* 154 F.3d at 352. To be deemed "similarly-situated," the individual with whom the plaintiff seeks to compare his treatment must have dealt with the same supervisor, have been sub-

ject to the same standards, and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it. *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 583 (6th Cir.1992).

Hughey's argument that he is similarly situated to Gariboldi fails because none of Gariboldi's alleged conduct resembles the infractions that caused CVS to discharge Hughey. CVS discharged Hughey because he violated three CVS policies that governed his duties as a pharmacist. In contrast, Hughey does not accuse Gariboldi of violating such a policy. Instead, he throws out a host of unsupported allegations about Gariboldi, many of which have nothing to do with how he carried out his duties as a pharmacist. The allegations that do loosely pertain to Gariboldi's pharmacist duties are unrelated to Hughey's CVS policy violations. Because Gariboldi is not a similarly situated employee outside Hughey's protected class, who was treated differently than he was, we agree with the district court's determination that Hughey failed to establish a *prima facie* ADEA claim.

Hughey also argues that CVS's proffered nondiscriminatory reason for terminating his employment was a pretext to conceal age discrimination. In attempting to show that CVS's termination decision was a pretext, Hughey relies on his prior argument that CVS treated him differently than other employees and also argues that his unblemished record should have provided him with some leeway to make "a few technical errors." (Appellant Br. at 21.)

■ Hughey's arguments are unpersuasive. His reliance on his allegation that he was treated differently than other employees is misplaced. When considering whether an employer's termination decision constituted a pretext we are solely concerned with whether the employer had an honest belief in a nondiscriminatory reason for taking the adverse action. *See Michael v. Caterpillar Fin. Servs. Corp.*, 496 F.3d 584, 598 (6th Cir.2007). "The key inquiry in assessing whether an employer holds such an honest belief is 'whether the employer made a reasonably informed and considered decision before taking the complained-of action.'" *Id.* (quoting *Smith v. Chrysler Corp.*, 155 F.3d 799, 807 (6th Cir.1998)). CVS's termination decision was based on a nondiscriminatory reason, Hughey's policy violations. As to whether CVS was reasonably informed about Hughey's policy violations, the record clearly indicates that it was. CVS's decision was not based on hearsay or speculation. On the contrary, it was supported by Hughey's own admissions, which negated the need for an extensive fact finding investigation. Hughey cannot argue, nor does he, that CVS was not reasonably informed before discharging him when its termination decision was made after he confessed to his transgressions.

■ Hughey also argues that his stellar employment record should have prevented him from being discharged for a few technical errors. However, a showing of a good employment record is not relevant in determining whether an adverse employment decision was a pretext for age discrimination. *See Seeger v. Cincinnati Bell Tel. Co., LLC*, 681 F.3d 274, 286 (6th Cir. 2012). Accordingly, the district court properly determined that Hughey failed to show that CVS's discharge decision was a pretext for age discrimination.

### IV.

For these reasons, we **AFFIRM** the judgment of the district court.