70 F.3d 1274
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Booker T. DUKE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-3776.
 United States Court of Appeals, Seventh Circuit.
 Argued Nov. 14, 1995.
Decided Nov. 27, 1995.
 
 Before CUMMINGS, BAUER and ESCHBACH, Circuit Judges.
 
 ORDER
 
 1
 Booker T. Duke appeals the district court's denial of his motion for relief pursuant to 28 U.S.C. Sec. 2255 from his convictions for one count of possession with intent to distribute cocaine, 21 U.S.C. Sec. 841(a)(1), and one count of use of a firearm in connection with a crime of violence, 18 U.S.C. Sec. 924(c). He claims that trial counsel's decision to wait until trial to move to suppress evidence deprived him of his constitutional right to the effective assistance of counsel and that counsel's misrepresentations concerning this issue tainted his waiver of the right to trial by jury. We affirm.
 
 
 2
 On September 3, 1992, pursuant to a search warrant, Detective Dennis E. Kraezig and two uniformed police officers of the Indianapolis police department entered Duke's residence in Indianapolis, Indiana. According to Detective Kraezig's affidavit in support of the warrant, a reliable confidential informant told the detective that he had been at Duke's house within 72 hours of September 3, 1992, and that Duke, who was in possession of heroin, had offered to sell it. The search of the house yielded a total of 198.75 grams of heroin, $165,700, drug paraphernalia, packaging materials and two handguns. Duke and another individual, Milton Phillips, were arrested. DEA Agent Thomas J. Casey later arrived and questioned Duke.
 
 
 3
 Before trial, Duke waived his right to a jury. In his written waiver, Duke stated that "the Defendant will rely upon the inadmissibility of certain evidence obtained as a result of the search conducted by the state and federal authorities which is intended for use during his Trial." (Pl. II, R. 5 at 2-3.) At the bench trial, Christopher Zoeller, Duke's attorney, did little to attack the government's evidence. Instead, he raised a standing objection to the admission of the evidence on the grounds that the warrant's supporting affidavit was based on a fabrication: the informant did not exist. However, no pretrial motion to suppress had been filed. Zoeller explained, "I have not filed a motion to suppress ... for the reason that evidence, as this Court well knows, can only be used against this defendant if it is permissible under all rules." (Tr. I at 16.) In response to the government's objection, Zoeller denied that he was actually making a motion to supress. "The burden is on me if I file a motion to suppress. The burden is on them if they offer evidence." (Tr. I at 17.) In his closing argument, Zoeller requested an in camera hearing.
 
 
 4
 During trial, Duke introduced evidence suggesting that the confidential informant did not exist. He testified that only five people had been in his home within the three days prior to his arrest on September 3, 1992. Four of the five visitors, Freddy Paul Jones, Stanley Bell, Thomas Phillips (no relation to Milton Phillips) and Richard D. Robinson, testified that they had been in Duke's home, but that they had not contacted Detective Kraezig. The government stipulated that the fifth individual, Milton Phillips, who was arrested in the home with Duke, was not the informant. In addition, although Detective Kraezig's affidavit states that the informant had appeared personally before the affiant, he testified that his source had contacted him by telephone.
 
 
 5
 The court found the attempt to suppress untimely. See Fed.R.Crim.P. 12(b)(3), (f). It also discounted the alleged nonexistence of the informant and found that if one of the witnesses was the informant, he understandably would not admit it. Duke was found guilty. At sentencing, Zoeller took responsibility for any errors in presenting the suppression issue. On direct appeal, new counsel for Duke argued that the district court erred by refusing to consider the issue. In an unpublished order, this court affirmed on the grounds that counsel had defaulted the issue by failing to raise it in a pretrial motion. United States v. Duke, No. 93-2174, 1994 WL 36797, at * 4 (7th Cir. Feb. 8, 1994) (unpublished disposition).
 
 
 6
 Duke filed a motion for relief pursuant to Sec. 2255. He presented two closely related ineffective assistance of counsel claims. First, trial counsel allegedly lied by saying that he had filed a pretrial motion, and Duke allegedly waived his right to trial by jury in reliance on this misrepresentation. Second, counsel's failure to file a pretrial motion to suppress allegedly resulted in the admission of evidence that would have otherwise been excluded. The district court, which also had presided over the trial, rejected the Sec. 2255 motion on the merits. Assuming arguendo that counsel's performance was deficient, it discounted Duke's showing of the nonexistence of the confidential informant and thus found no prejudice in failing to timely move for suppression. The court mentioned the jury trial issue, but denied the motion without separately addressing it.
 
 
 7
 The government contends that Duke has procedurally defaulted this claim by failing to raise it on direct appeal. Guinan v. United States, 6 F.3d 468, 472 (7th Cir.1993); United States v. Taglia, 922 F.2d 413, 419 (7th Cir.1991). However, it is apparent that Duke seeks to support his ineffective assistance of counsel claims with facts not available in the trial record, which he would attempt to augment through an evidentiary hearing. Thus, he properly postponed raising these claims for collateral review. Guinan, 6 F.3d at 472.
 
 
 8
 In reviewing the denial of a Sec. 2255 motion, this court in general considers all questions of law de novo and all factual determinations for clear error. Granada v. United States, 51 F.3d 82, 83 (7th Cir.1995). To successfully pursue a claim of ineffective assistance of counsel, "the defendant must show that counsel's performance fell below an objective standard of reasonableness and that this deficient performance so prejudiced his defense as to deprive him of a fair trial." United States v. Trevino, 60 F.3d 333, 338 (7th Cir.1995); see Strickland v. Washington, 466 U.S. 668, 690, 694 (1984). We need not address the deficient performance prong of the Strickland test for either ineffective assistance claim, because Duke fails to show prejudice for either one. To demonstrate prejudice, the defendant "must show 'that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.' " Lockhart v. Fretwell, 113 S.Ct. 838, 842 (1993) (quoting Strickland, 466 U.S. at 687).
 
 
 9
 In order to show that counsel's failure to file a pretrial motion prejudiced him, Duke must demonstrate that but for counsel alleged error, there is a reasonable probability that suppression would be granted. He must further show a reasonable probability that exclusion of the evidence would affect the outcome of the trial to the extent that the present disposition was fundamentally unfair or unreliable. See Kimmelman v. Morrison, 477 U.S. 365, 390-91 (1986).
 
 
 10
 Duke claims that the search warrant is invalid because Detective Kraezig invented the informant and his alleged statements. He does not appear to contest the sufficiency of the alleged informant's statements to support a finding of probable cause. If Duke's attorney had timely filed a motion to suppress accompanied by a substantial showing of intentional falsity or a reckless disregard for the truth by Detective Kraezig, the trial court would have held an evidentiary hearing in order to determine whether the defendant proved the existence of such an impropriety by a preponderance of the evidence. Franks v. Delaware, 438 U.S. 154, 155-56 (1978). If the detective did fabricate the informant testimony, the remaining portions of the affidavit could not support a finding of probable cause. Thus, absent any exception to the warrant requirement (none of which have been claimed in this case), the evidence would be suppressed.
 
 
 11
 Duke also contends that if his attorney had timely moved for suppression, the government would have been forced to disclose the identity of the informant to the court, and that by requiring disclosure, he could thereby prove that the informant did not exist. United States v. Roviaro, 353 U.S. 53, 59-60 (1957) (concerning government's qualified privilege to refuse to disclose confidential informant's identity). Although "[a] bald denial of the existence of an informant does not call for a hearing[,]" we have indicated in dictum that "[p]erhaps a demonstration that only four people were privy to his dealings, coupled with affidavits from each, would require the prosecutor to demonstrate to the judge in camera that the informant was some other (real) person; deficiencies in this demonstration might call for an evidentiary hearing." United States v. Hornick, 815 F.2d 1156, 1158-59 (7th Cir.1987).[1]
 
 
 12
 However, we are not deciding simply whether Duke would be entitled to an in camera hearing and a Franks hearing, but whether he has demonstrated that there is a reasonable probability that if he received those hearings, the court would find that Duke proved the nonexistence of the informant by a preponderance of the evidence. The record before us does not support that outcome. At trial, the court did not believe that Detective Kraezig was lying. Instead, it found that the testimony of Duke's witnesses did not establish the nonexistence of the informant. The court specifically found that one of the witnesses had lied about purchasing heroin from Duke and speculated that if one of the witnesses was the informant, he no doubt lied about it. (See Tr. I at 131 ("[I]f one of them is the informant--and I don't say that he is--he wouldn't come in here and admit it.").) Finding no new material evidence in the Sec. 2255 motion and its accompanying affidavits, the district court essentially found no prejudice because the informant existed. There is nothing to indicate that the court would have found the witnesses more or less credible if their testimony had been presented before trial. Giving deference to the district court's credibility determination, the record supports the court's denial.
 
 
 13
 Duke contends that the district court's credibility determination should not be accepted. The record does contain some evidence shedding doubt on Detective Kraezig's credibility, but that evidence was known to the district court when it made its determination. Duke also claims that the court's credibility determination cannot be accepted because it may imply that the government may have permitted the informant to perjure himself. However, the court's finding itself is not necessarily inaccurate simply because it suggests the possibility of other, unrelated grounds for reversal, i.e. prosecutorial misconduct, which Duke did not raise on direct appeal or in his Sec. 2255 motion.
 
 
 14
 Duke also requested an evidentiary hearing on the failure to file claim. A district court reviewing a Sec. 2255 motion must grant an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Sec. 2255; Daniels v. United States, 54 F.3d 290, 293 (7th Cir.1995). However, this rule does not entitle prisoners to fishing expeditions based on speculation. Duke's affidavits in support of his Sec. 2255 motion recount evidence that was already introduced at trial, and that evidence was found wanting due to the court's credibility determination. The court could rely on its own personal knowledge of the trial to determine whether an evidentiary hearing (in camera or otherwise) was necessary. See Aleman v. United States, 878 F.2d 1009, 1012 (7th Cir.1989). In light of its credibility finding, the district court essentially found that the motion and record "conclusively" showed that Duke is not entitled to relief, and therefore denied the hearing. Duke fails to allege any new evidence beyond his general speculation that further proceedings would prove the informant's nonexistence.
 
 
 15
 Duke's claim that counsel lied to him about having filed a pretrial motion also fails. Assuming arguendo that the waiver itself was involuntary, the denial of the right to jury trial did not prejudice Duke. We may find counsel's alleged error non-prejudicial if there is a reasonable probability that a jury reviewing the same evidence would come to the same conclusion. Correll v. Thompson, 63 F.3d 1279, 1291 (4th Cir.1995); Green v. Lynaugh, 868 F.2d 176, 178 (5th Cir.1989) (per curiam). Since the record does not indicate that the evidence would be suppressed and Duke is not entitled to further evidentiary proceedings on the suppression issue, we review the misrepresentation claim under the assumption that the products of the search would not have been suppressed in a jury trial either. As Duke himself points out, the evidence is overwhelming. There is no reasonable probability that a jury would arrive at a different conclusion.
 
 
 16
 AFFIRMED.
 
 
 
 [1]
 See United States v. Zambrana 841 F.2d 1320, 1334-35 (7th Cir.1988) (holding that mere failure to reveal identity of informant is not sufficient to establish that officers knowingly filed false affidavits); United States v. Kiser, 716 F.2d 1268, 1271 (9th Cir.1983) (requiring in camera, ex parte hearing to determine necessity of Franks hearing concerning affidavit based on statements from confidential informant)