Booker T. DUKE, Petitioner–Appellant,

v.

Maryellen THOMS, Warden,
Respondent–Appellee.

No. 02–5157.

United States Court of Appeals,
Sixth Circuit.

Aug. 14, 2002.

Before: KENNEDY,
SUHRHEINRICH, and BATCHELDER,
Circuit Judges.

## ORDER

Booker T. Duke, a federal prisoner proceeding pro se, appeals the district court order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1993, Booker was convicted of possession of heroin with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and carrying or using a firearm in connection with a crime of violence, in violation of 18 U.S.C. § 924(c). The United States District Court for the Southern District of Indiana sentenced Duke to 180 months of imprisonment, including sixty months for the firearm conviction. The United States Court of Appeals for the Seventh Circuit affirmed the convictions and sentence in 1994. *United States v. Duke,* No. 93–2174, 1994 WL 36797 (7th Cir. Feb.8, 1994). Before filing the instant action in November 2001, Duke filed two motions to vacate his sentence under 28 U.S.C. § 2255, a motion for relief from judgment, a request to file a second or successive § 2255 petition, and a previous petition under 28 U.S.C. § 2241. In his second § 2241 petition, as in his first, he claimed that he is actually innocent of violating 18 U.S.C. § 924(c) in light of *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). The district court dismissed Duke's petition, holding that Duke had not shown that his remedy under § 2255 was inadequate or ineffective.

In his timely appeal, Duke argues that his claim of actual innocence is cognizable in a § 2241 petition under *In re Hanserd,* 123 F.3d 922 (6th Cir.1997).

This court reviews de novo a district court's judgment dismissing a habeas corpus petition. *Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999).

Upon review, we conclude that the district court properly dismissed Duke's petition. As a general rule, a petitioner challenging the legality of a sentence must bring his claim under § 2255 in the sentencing court, while a petitioner challenging the execution or manner in which the sentence is served may bring a claim under § 2241 in the court having jurisdiction over the prisoner's custodian. *United States v. Peterman,* 249 F.3d 458, 461 (6th Cir.), *cert. denied,* —— U.S. ——, 122 S.Ct. 493, 151 L.Ed.2d 404 (2001); *Charles,* 180 F.3d at 755–56. However, a federal prisoner may challenge his conviction and the imposition of a sentence under § 2241, instead of § 2255, if he is able to establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *See* 28 U.S.C. § 2255 (last clause in fifth paragraph); *United States v. Hayman,* 342 U.S. 205, 223, 72 S.Ct. 263, 96 L.Ed. 232 (1952); *Charles,* 180 F.3d at 755–56. For example, a prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241. *Peterman,* 249 F.3d at 461–62; *Charles,* 180 F.3d at 757. The prisoner has the burden of proving that his remedy under § 2255 is inadequate or ineffective. *Charles,* 180 F.3d at 756.

Duke did not meet his burden of proving that his § 2255 remedy is inadequate or ineffective. Duke raised his *Bailey* claim in his second § 2255 motion to vacate his sentence and lost on the merits. His remedy under § 2255 is not inadequate or ineffective simply because he has already been denied relief under § 2255 and has been denied permission to file a second or successive motion to vacate. *See Charles,* 180 F.3d at 756–58.

Duke's argument that his claim of actual innocence is cognizable under *Hanserd* is without merit. In *Hanserd,* a federal prisoner requested permission to file a second post-conviction motion under § 2255. A panel of this court held that application of the Antiterrorism and Effective Death Penalty Act's (AEDPA) limitations on second or successive petitions would have an impermissible retroactive effect on Hanserd's ability to bring his *Bailey* claim of actual innocence because he would have lost the right to challenge his sentence. *Hanserd,* 123 F.3d at 929–34. The court observed that Hanserd could have raised his claim in a petition under § 2241 because his *Bailey* claim was not available when he filed his first, pre-AEDPA § 2255 motion. *Id.* at 930. In this case, Duke was permitted to raise his *Bailey* claim in his second, post-AEDPA § 2255 motion but lost on the merits. Having had a prior opportunity to raise his argument, Duke is not entitled to do so in a § 2241 habeas petition.

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.